SUMMARY ORDER

Petitioner Katrina Gjoni and her daughter, Desara Gjoni, natives and citizens of Albania, seek review of the July 10, 2008 order of the BIA denying their motion to reopen. In re Katrina Gjoni, Desara Gjoni, Nos. A73 579 693, A73 579 692 (B.I.A. July 10, 2008). We assume the parties’ familiarity with the underlying facts and procedural history of the case.
We review the BIA’s denial of a motion to reopen for abuse of discretion. See Kaur v. BIA, 413 F.3d 232, 233 (2d Cir.2005) (per curiam). We find no abuse of discretion in the BIA’s conclusion that Katrina Gjoni (“Gjoni”) failed to exercise due diligence. She does not claim to have taken any action in her proceedings during the more than five years she sought to toll. See Jian Hua Wang v. BIA, 508 F.3d 710, 715 (2d Cir.2007) (citing several cases in which the Court held that “a petitioner who waits two years or longer to take steps to reopen a proceeding ha[d] failed to demonstrate due diligence”). Gjoni argues that the BIA erred in requiring her to demonstrate that she exercised due diligence prior to her discovery of her former counsel’s purportedly ineffective assistance. However, a movant must demonstrate “due diligence” in pursuing a claim during “both the period of time before the ineffective assistance of counsel was or should have been discovered and the period from that point until the motion to reopen is filed.” Rashid v. Mukasey, 533 F.3d 127, 131 (2d Cir.2008).
Because the BIA reasonably concluded that Gjoni failed to demonstrate due diligence in pursuing reopening, it did not err in declining to toll the time period for filing her motion to reopen and in denying her motion to reopen as untimely. See Cekic v. INS, 435 F.3d 167, 170 (2d Cir.2006) (requiring an alien to demonstrate due diligence as a factor independent from the requirement of demonstrating that former counsel’s performance was ineffective).
For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).